Priority  ✓
Send  ✓
Enter  ___
Closed  ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK, U S DISTRICT COURT
APR 1 4 2005
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

DOCKETED ON
APR 18 2005
BY ___

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MGA Entertainment, Inc.

Plaintiff(s),

v.

Mattel, Inc., et al Defendant(s).

Case No. CV 05-2727-CBM(RZx)

**STANDING ORDER**

**READ THIS ORDER CAREFULLY. IT CONTROLS THE PROCEDURES USED IN THIS CASE**

This action has been assigned to the calendar of the Honorable Consuelo B. Marshall. Both the Court and the attorneys bear responsibility for the progress of litigation in the Federal Courts. To secure the just, speedy, and inexpensive determination of every action, Fed. R. Civ. P. 1, all counsel are ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California and comply with these rules. Copies of the Local Rules are available on our website at http://www.cacd.uscourts.gov.[1]

---

[1] Copies of the Local Rules may also be purchased from one of the following:

| Los Angeles Daily Journal | West Group | Metropolitan News |
|---|---|---|
| 915 East 1st Street | 610 Opperman Drive | 210 South Spring Street |
| Los Angeles, CA 90012 | P.O. Box 64526 | Los Angeles, CA 90012 |
| | St. Paul, MN 55164-0526 | |

**NONCOMPLIANCE MAY LEAD TO THE IMPOSITION OF SANCTIONS WHICH MAY INCLUDE THE STRIKING OF PLEADINGS AND ENTRY OF JUDGMENT OR DISMISSAL OF THE ACTION.**

**IT IS FURTHER ORDERED:**

**1. <u>Service of the Complaint</u>:** The Plaintiff(s) shall promptly cause the Complaint to be served in accordance with Fed. R. Civ. P. 4 and file the proofs of service pursuant to Local Rule 5-3. **THE FAILURE TO FILE THE PROOFS OF SERVICE WILL RESULT IN THE ACTION BEING DISMISSED PURSUANT TO LOCAL RULE 41.**

**2. <u>Removed Actions</u>:** All documents filed in state court must be attached to the Notice of Removal. Any motions pending at the time of removal must be re-noticed for hearing as required by Local Rule 7.

**3. <u>Presence of Lead Counsel</u>:** Lead trial counsel shall attend any proceeding before this Court, including all status and settlement conferences.

**4. <u>Rule 26(f) Meeting of Counsel</u>:** Counsel for the parties shall meet personally pursuant to FRCP 26(f) and applicable Local Rules in anticipation of the court-ordered scheduling conference. FRCP 16(b).

**5. <u>Joint Report of Rule 26(f) Meeting</u>:** No later than fifteen (15) court days before the Scheduling Conference, counsel shall file a Joint Report of Rule 26(f) Meeting. A Joint Report which is not timely filed or does not conform with this Order, FRCP 26(f), and applicable Local Rules will interfere with preparation by the Court and its staff, and may result in the assessment of sanctions.

The Joint Rule 26(f) Report shall address the matters set forth in FRCP 26(f) (some of which are enumerated below), and shall also contain the following:

    (a)    A brief statement by <u>each</u> party, not to exceed one (1) page, setting forth that party's factual summary of the case, including the basis for

any claims, counterclaims, or defenses.

(b) The basis for the Court's subject-matter jurisdiction.

(c) A brief description of the key legal issues.

(d) The realistic range of probable damages.

(e) The likelihood of appearance of additional parties.

(f) Whether all or part of the procedures of the Manual for Complex Litigation should be utilized.

(g) Separate proposed discovery cut-off dates for fact and expert discovery. <u>Note</u>: this means the final day for <u>completion of discovery</u>, including resolution of all discovery motions.

<u>Note</u>: The expert discovery cutoff date issued by the court controls the disclosure of expert testimony pursuant to FRCP 26(a)(2) and shall not change unless ordered by the Court <u>regardless</u> of subsequent continuances of discovery or trial dates.

(h) Which motions (other than discovery motions) are contemplated by the parties.

(i) Prospects of settlement based on counsel's discussion at the Rule 26(f) meeting and any other communications.

(j) Whether the trial will be a court or jury trial.

(k) The estimated length of trial.

(l) The name of the attorney(s) who will try the case.

(m) Prospects of counsel exercising their right, under 28 U.S.C. §636, to consent to the designation of a Magistrate Judge to conduct all proceedings (including trial) and final disposition, pursuant to General Order 194.[2]

**6. <u>Mandatory Settlement Procedure</u>**: In conformity with the Local Rules, counsel shall file the settlement procedure selection by the date given by the Court at the time of the Scheduling Conference. Available alternatives for consideration, not to the exclusion of others, include:

(1) a settlement conference before the magistrate judge assigned to the

---

[2] Counsel should note that they must select from among the panel of available Magistrate Judges, which may not include the Magistrate Judge assigned to this case. Counsel should note that the Magistrate Judge will set his/her own discovery schedule and will be able to give counsel a "date certain" for trial.

3

case; Note: **the Court does not participate in settlement of cases on its own docket.**

(2) a settlement conference or mediation before an attorney selected from the Attorney Settlement Panel (list available from the Courtroom Deputy);

(3) the employment by the parties of a private judge, mediator or arbitrator.

**7. Discovery**: All discovery matters have been referred to a United States Magistrate Judge, who will hear all discovery disputes. (The Magistrate Judge's initials follow the Judge's initials next to the case number.) All pleadings related to discovery must include the words "DISCOVERY MATTER" in the caption to ensure proper routing to the assigned Magistrate Judge. Counsel are directed to contact the Magistrate Judge's Courtroom Deputy Clerk to schedule matters for hearing. Please do not deliver courtesy copies of these documents to this Court.

The decision of the Magistrate Judge shall be final, subject to modification by the District Court only where it is shown that the Magistrate Judge's Order is clearly erroneous or contrary to law.

Any party may file and serve a motion for review and reconsideration before this Court. The moving party must file and serve the motion within ten (10) days of the issuance of a written order or within ten (10) days of an oral ruling that the Magistrate Judge states will not be followed by a written ruling. The motion must specify which portions of the ruling are clearly erroneous or contrary to law and support the contention with points and authorities. Counsel shall deliver a conformed copy of the moving papers and responses to the Magistrate Judge's clerk at the time of filing.

**8. Under Seal Filings**:

Local Rule 79-5.1 states that: "No case or document shall be filed under seal without prior approval by the Court" and provides the procedure for seeking court approval. The parties should note that generally, there is a strong presumption in favor of public access to court records, and the Ninth Circuit has

recognized the public's general right to inspect court documents. *See Hagestad v. Tagesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Nixon v. Warner Comm. Inc.*, 435 U.S. 589, 597 (1978)). The Court has inherent supervisory power over its own records and files, and access to documents may be denied where the Court determines that documents may be used for an improper purpose. *Hagestad*, 49 F.3d at 1433-34. However, the presumption of public access may be overcome <u>only</u> on the basis of a <u>compelling</u> reason supported by articulable facts. *Id.* at 1434; *see also Foltz v. State Farm Automobile Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The application for a filing under seal shall be accompanied by a declaration stating the facts which support the sealing of a document. The declaration must not be based on hypothesis or conjecture, but instead must provide articulable facts upon which this Court can decide if the document warrants sealing. *Valley Broadcasting v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986).

The parties should note that an agreed upon protective order or documents marked "confidential" or "for attorney eyes only" are not alone compelling reason to overcome the presumption. Any application to request an under seal filing must cite the authority (other than an agreed upon Protective Order) which would permit the filing under seal, and shall state why the document is subject to that authority.

Any application for under seal filing shall be submitted sufficiently in advance such that the Court's consideration of the application shall not affect a scheduled hearing date.

9. **Motions**:

a. Time for Filing and Hearing Motions: Motions shall be filed in accordance with Local Rule 7. This Court hears motions on **Mondays, commencing at 10:00 a.m.** The Court may not hear motions on every Monday and prior to filing a Motion, the next available motion date can be obtained from

the Courtroom Deputy or the Filing Window. **No supplemental brief shall be filed without prior leave of Court.** Adherence to the timing requirements of Local Rule 7 is mandatory for chambers' preparation of motion matters.

  b. <u>Pre-filing Requirement</u>: Counsel shall comply with Local Rules affecting motion practice in the Central District. Among other things, Local Rule 7-3 requires counsel to engage in a pre-filing conference "to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues sufficiently that, if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference.

  c. <u>Length and Format of Motion Papers</u>: **Memoranda of Points and Authorities in support of or in opposition to motions shall not exceed 25 pages. Reply memoranda shall not exceed 12 pages.** Only in rare instances, and for good cause shown, will the Court grant an application to extend these page limitations.

**Typeface shall comply with Local Rule 11-3.1.1.**

<u>Note</u>: **If Times Roman font is used, the size must be no less than 14; if Courier is used, the size must be no less than 12.** Footnotes shall be in typeface no less than one size smaller than text size and shall be used sparingly.

**Filings which do not conform to the Local Rules and this Order will not be considered.**

  d. <u>Courtesy Copies</u>: Counsel shall deliver a conformed courtesy copy of all **reply** papers in motion matters to the courtesy box on the wall outside the entrance to Judge Marshall's chambers on the second level of the U.S. Courthouse, 312 North Spring Street, **by 4:00 p.m. on the date due.** Please do not provide courtesy copies of moving or opposition papers.

  e. <u>Motions for Summary Judgment</u>: Before filing a motion for

6

summary judgment, counsel are strongly encouraged to review Chapter 14 of Schwarzer, Tashima & Wagstaffe, <u>California Practice Guide: Federal Civil Procedure Before Trial</u> (1998). To assist the Court, the moving party shall submit the required Statement of Uncontroverted Facts and Conclusions of Law as set forth in Form 14:C **(copy attached as Exhibit 1)**. The opposing party shall submit the required Statement of Genuine Issues as set forth in Form 14:D **(copy attached as Exhibit 2)**, responding first to each of the moving party's alleged uncontroverted facts, then listing any material facts in dispute, and citing to supporting evidence. **Note: Separate statements that fail to comply with the above format will not be considered.**

    **10. <u>Proposed Orders</u>**: Each party filing or opposing a motion or seeking the determination of any matter shall serve and lodge a Proposed Order setting forth the relief or action sought and a brief statement of the rationale for the decision with appropriate citations. If the Proposed Order exceeds two pages, the proposing party shall also submit the document on a 3½-inch diskette compatible with WordPerfect 11.0.

    **11. <u>Proposed Jury Instructions:</u>** Each party may submit proposed instructions in cases to be tried to a jury, in compliance with FRCP 51 and Local Rule 51. The proposed instructions shall also contain a table of contents identifying the proposed instruction by number and title or principle of law for which it is proposed. On the same page of each proposed instruction, the party shall provide the legal citation(s) in support of the Court instructing the jury as requested. Parties must also submit, within the same time as the proposed jury instructions, a proposed special verdict form, if parties are requesting a special verdict form be used.

    **12. <u>Motions in Limine:</u>** Motions seeking to exclude evidence at trial shall identify the specific evidence of which exclusion is sought. General references to types of evidence or all evidence that does not comply with discovery or other

requirements is not sufficient to permit the Court to rule on such a Motion.

13. **Telephonic Hearings:** The Court may conduct status conferences by telephone if any party outside the district so requests, and all involved parties consent. The attorney requesting the telephonic hearing shall contact the Courtroom Deputy Clerk, Joseph Levario, (213) 894-5288, at least one week prior to the date scheduled for the motion or conference in order to make the necessary arrangements for the call.

14. **Ex Parte Applications:** Counsel are reminded that ex parte applications are solely for extraordinary relief. *See, e.g., Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.Supp. 488 (C.D. Cal. 1995); *In re Intermagnetics America, Inc.*, 101 B.R. 191 (C.D. Cal. 1989). Applications which fail to conform with Local Rule 7-19 will not be considered. The Court considers ex parte applications on the papers and usually does not set these matters for hearing. In addition to the requirements of Local Rule 7-19, the moving party shall serve the opposing party by facsimile transmission and shall notify the opposition that opposing papers must be filed no later than twenty-four hours following such facsimile service. Counsel shall deliver a conformed courtesy copy of moving, opposition, or notice of non-opposition papers to the courtesy box outside the entrance to Judge Marshall's chambers in the U.S. Courthouse, 312 North Spring Street. The Courtroom Deputy Clerk will notify counsel of the Court's ruling or a hearing date and time, if the Court determines a hearing is necessary.

15. **Continuances:**

   a. **Continuance of Hearing Date Only:** If parties seek a continuance for a hearing date for which all briefing has been submitted to the Court, counsel requesting a continuance must lodge – prior to the date for which the hearing is scheduled – a Stipulation and Proposed Order including a detailed declaration of the grounds for the requested continuance. *See* Local Rules 7-11;

16-8.

      **b.**    **Continuance of Briefing Schedule and Hearing Date:** If parties seek to continue both the hearing date and the briefing schedule required by the Local Rules, then a Stipulation and Proposed Order must be lodged <u>prior</u> to the date that the papers are due based upon the <u>current</u> hearing date. The Stipulation must contain a detailed statement regarding the grounds for the requested continuance of time for filing and hearing.

      **c.**    **Continuance of Case Deadlines:** If the parties seek to continue deadlines scheduled by the Court in this case, then counsel requesting a continuance must lodge – prior to the deadline for which a continuance is sought – a Stipulation and Proposed Order stating the new deadlines and detailing the grounds for the requested continuance.

Any continuance sought by the parties is granted only upon a showing of good cause, considering the diligence of the party seeking the continuance and any prejudice that may result if the continuance is denied. Failure to comply with the Local Rules and this Order will result in rejection of the request.

**Proposed stipulations extending any applicable dates do not become effective unless and until signed by the Court.**

**16. <u>Communications with Chambers</u>:** Counsel shall not attempt to contact the Court or its chambers staff by telephone or by any other <u>ex parte</u> means. Counsel may contact the **Courtroom Deputy, Joseph Levario, at (213) 894-5288**, with appropriate inquiries. Counsel shall not contact Mr. Levario with any inquiries which may be answered by reference to the Local Rules, Federal Rules, or this Order. To facilitate communication with the Courtroom Deputy, counsel should list their facsimile transmission numbers in addition to their telephone numbers on all papers.

**17. <u>Notice of this Order</u>:** Counsel for plaintiff shall immediately serve this Order on all parties, including any new parties to the action. If this case came to

the Court by noticed removal, Defendant shall serve this Order on all other parties. Enclosed is a Document Imaging Enrollment Form for counsel to complete and return to the address indicated on the form. Participation in this program facilitates service of orders, judgments, and other documents.

**IT IS SO ORDERED.**

Dated: _____

                                        **CONSUELO B. MARSHALL**
                                        **Chief, United States District Judge**

4/04

# STATEMENT OF UNCONTROVERTED FACTS
# AND CONCLUSIONS OF LAW
(Required in California Central District)

```
1  ........................................
   ........................................
2  ........................................
   ........................................
3
4
5  Attorney for Plaintiff
6
7
8              UNITED STATES DISTRICT COURT
9           ........... DISTRICT OF CALIFORNIA
10
11 ........................, ) CASE NO. ......................
                             )
12         Plaintiff,        ) STATEMENT OF UNCONTROVERTED FACTS AND
                             ) CONCLUSIONS OF LAW
13 vs.                       )
                             ) Hearing Date: ................
14 ........................, ) Time: ........................
                             ) Courtroom: ...................
15         Defendant.        )
```

After consideration of the papers in support of and in opposition to plaintiff's motion for summary judgment and the oral argument of counsel, the Court determines that the following facts have been established as,

UNCONTROVERTED FACTS

1. Plaintiff is a citizen of ........ and defendant is a citizen of .........

   [Declaration of Plaintiff, page 1, lines 18-21; Deposition of Defendant, page 5, lines 8-22.]

2. Plaintiff and Defendant entered into a written contract for the construction of a house in ............... County, ............

   [Complaint, page 3, lines 9-11; admitted in Defendant's answer, page 1, lines 3-4.]

3. Plaintiff is a licensed general contractor.

**EXHIBIT A**

[Complaint, page 2, lines 5-6; admitted by Defendant's failure to deny.]

4. Plaintiff has performed all conditions of the contract, except installation of a security system.

[Copy of contract attached as Exhibit "A" to complaint; admitted in Defendant's answer, page 2, lines 3-4. Declaration of Plaintiff, page 3, lines 10-22.]

5. Installation of the security system was excused by Defendant's refusal to allow Plaintiff access to the portion of the building site required for such installation.

[Declaration of Plaintiff, page 5, lines 11-28; Defendant's answer to Interrogatory No. 3]

6. Defendant agreed to pay Plaintiff $160,000 and only $100,000 has been paid.

[Paragraph 2 of contract (see ¶4, above); declaration of Plaintiff, page 7, lines 6-8; Defendant's response to Request for Admission No. 6.]

Based on the foregoing Uncontroverted Facts, the Court now makes its,

CONCLUSIONS OF LAW

1. The Court has jurisdiction of this action, pursuant to 28 U.S.C. §1332.

2. Defendant has breached the contract with Plaintiff by failure to pay according to its terms.

·3. Plaintiff is owed the sum of $60,000 by Defendant under the contract and Plaintiff has been damaged in the said amount by Defendant's breach.

4. Plaintiff is entitled to prejudgment interest on this liquidated sum at the statutory rate of seven percent (7%) per annum.

5. Judgment shall be entered in Plaintiff's favor consistent herewith.

DATED: ................

_____
United States District Judge

# STATEMENT OF GENUINE ISSUES
# IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
## (Required in California Central District)

```
 1   ............................
     ............................
 2   ............................
     ............................
 3   ............................
 4            ..
 5   Attorneys for ...................
 6
 7
 8                    UNITED STATES DISTRICT COURT
 9                  .......... DISTRICT OF CALIFORNIA
10
11   ..............................,)    No.:  ....................
                                    )
12                                  )    STATEMENT OF GENUINE ISSUES IN
                     Plaintiff,     )    OPPOSITION TO MOTION FOR SUMMARY
13   vs.                            )    JUDGMENT (Central District)
                                    )
14   ..............................,)    Date:  .........................
                                    )    Time:  .........................
15                   Defendant.     )    Courtroom:......................
                                    )
16                                  )
```

17      (Plaintiff/defendant) ......................... submits this statement

18 of genuine issues pursuant to Central District of California Local Rule 7.14.2 in

19 opposition to the motion for summary judgment herein filed by ..................

20      Facts 1 through ........ below correspond to the facts and supporting

21 evidence presented in the Statement of Uncontroverted Facts filed by the moving

22 party. These facts are followed by additional material facts and supporting

23 evidence showing a genuine issue.

24      MOVING PARTY'S ALLEGED                RESPONSE TO OPPOSITION

25      UNCONTROVERTED FACTS

26 1. *[Copy from moving party's*           1. Plaintiff agrees this is

27    *statement]*                             undisputed.

28 /////

| | |
|---|---|
| 2. *[Copy from moving party's statement]* | 2. Plaintiff denies this is undisputed. See Declaration of ................ ..................., page 3, lines 7-20; see also Defendant's answer to Plaintiff's Interrogatory No. 21, attached to the above declaration. |

Opposing party also contends that the following other material facts are in dispute: *[set forth issue and evidence]*

DATED: ................, .....

/s/ _____
(Attorney's name typed)

Attorneys for ...........................