QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  John B. Quinn (Bar No. 90378)
  Michael T. Zeller (Bar No. 196417)
  Duane R. Lyons (Bar No. 125091)
  Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

MUNGER, TOLLES & OLSON LLP
  Daniel P. Collins (Bar No. 139164)
355 South Grand Avenue, 35th Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendant
Mattel, Inc.

RECEIVED
BUT NOT FILED

JUN 17 2005
mm 4:43
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
BY                    DEPUTY

FILED
CLERK, U.S. DISTRICT COURT

JUN 17 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MGA ENTERTAINMENT, INC.,
a California corporation,

                  Plaintiff,

        v.

MATTEL, INC., a Delaware corporation,
and DOES 1-10,

                  Defendants.

Case No. CV 05-02727 NM (RNBx)

DECLARATION OF MICHAEL T.
ZELLER RE DEFENDANT
MATTEL, INC.'S COMPLIANCE
WITH LOCAL RULE 7-3

Date: August 8, 2005
Time: 10:00 a.m.
Place: Courtroom 11

Action Filed:    April 13, 2005
Trial Date:      None Set

Hon. Nora M. Manella

DOCKETED ON CM

JUN 22 2005

BY                    002

07975/661784.1

DECLARATION OF MICHAEL T ZELLER RE DEFENDANT MATTEL, INC.'S COMPLIANCE WITH LOCAL RULE 7-3

## <u>DECLARATION OF MICHAEL T. ZELLER</u>

I, Michael T. Zeller, declare as follows:

1.      I am a member of the bars of the States of California, New York and Illinois and a partner at Quinn Emanuel Urquhart Oliver & Hedges, LLP, attorneys for plaintiff and counter-defendant, Mattel, Inc. ("Mattel"). I make this declaration of personal, firsthand knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

2.      In the Declaration of Diana M. Torres re *Local Rule* 7-3 Conference dated June 3, 2005, she asserts that Mattel, Inc. failed to comply with *Local Rule* 7-3 with respect to its motion to dismiss and strike portions of the complaint. As explained below, Mattel complied with *Local Rule* 7-3.

3.      Plaintiff MGA Entertainment, Inc. ("MGA") served its Complaint upon Mattel on April 13, 2005. Under the *Federal Rules of Civil Procedure*, Mattel was required to file an answer or otherwise respond to the Complaint on or before May 3, 2005.

4.      On April 28, 2005, I had a telephone conversation with Ms. Torres, counsel for MGA. During that conversation, I informed her that Mattel anticipated moving to dismiss and strike portions of MGA's complaint, and identified a number of grounds for such a motion. Ms. Torres informed me at the time that she would have to confer with MGA to determine whether MGA would agree to amend the Complaint to address the issues raised. To allow Ms. Torres time to have these discussions with MGA as well as for the parties' counsel to further explore whether the potential motion could be avoided, I suggested that the parties stipulate to extend the time for Mattel to respond to the Complaint.

5.      On April 29, 2005, I had a further conversation with Ms. Torres about Mattel's contemplated motion to dismiss and strike. Again, Ms. Torres was unable to tell me whether MGA was willing to amend the Complaint to address the substantive pleading problems that Mattel had identified in the Complaint. During

that conversation, however, Ms. Torres indicated that she was amenable, in principle, to an extension of time for Mattel to respond to the Complaint and would let me know MGA's position on the potential motion. That same day, my partner, Jon Corey, sent Ms. Torres a proposed stipulation by e-mail. A true and correct copy of that e-mail message and proposed stipulation is attached as Exhibit A.

6. On May 2, 2005, the parties signed a stipulation that extended the time for Mattel to respond to the complaint for, among other reasons, to allow the parties additional time to discuss whether they could reach agreement and avoid unnecessary motion practice. The applicable recital of the stipulation read as follows:

> WHEREAS, Mattel also is contemplating bringing motions to challenge certain allegations in the Complaint, and an extension of time would permit counsel *additional time to discuss* any potential resolution of these issues and, if successful, thereby potentially avoid motion practice before the Court, in whole or in part. . .

Stipulation to Extend Mattel, Inc.'s Time to Respond to Complaint; and [Proposed] Order Thereupon at 2 (emphasis added). The Court "so ordered" the Stipulation on May 3, 2005. A true and correct copy of the Stipulation and Order thereon is attached as Exhibit B.

7. After Mattel's counsel did not receive any further response from MGA's counsel on its position on the contemplated motion (despite two voicemails I had left for Ms. Torres on May 4 and May 6, 2005), over the weekend, I sent an e-mail message to Ms. Torres further detailing the basis for Mattel's contemplated motion to dismiss and or strike portions of the Complaint, including by citing key authorities supporting Mattel's position. In that e-mail message, I referenced our prior discussions about Mattel's contemplated motion and again laid out the grounds for such a motion. I concluded by inviting MGA's counsel to "*further discuss our motions . . . in greater detail to see if motion practice may be avoided.*"

1 A true and correct copy of my e-mail message to Ms. Torres is attached as Exhibit
2 C.

3       8.    MGA's counsel did not respond to my voice-mail messages or e-mail
4 message until Wednesday, May 11, 2005. Ms. Torres informed me by telephone
5 on that day that she had been out of the office and that she would not be available
6 to further discuss the merits of Mattel's motion to determine if the parties could
7 come to an agreement before May 13, 2005, when Mattel's response was due. She
8 did inform me that another attorney for MGA, Paula Ambrosini, would be
9 available to further discuss the grounds for Mattel's motion during the afternoon of
10 Thursday, May 12, 2005.

11      9.    On Thursday, May 12, 2005, my partner, Jon Corey, spent over an
12 hour on the phone with Ms. Ambrosini elaborating further on the grounds for
13 Mattel's motion. Ms. Ambrosini indicated that she would have to discuss the
14 grounds for Mattel's motion with MGA to determine whether any agreement could
15 be reached and motion practice could be avoided. As a follow up to that
16 conversation, Mr. Corey provided Ms. Ambrosini with additional authority that she
17 requested regarding one basis for Mattel's motion. Because Ms. Ambrosini
18 indicated that she was leaving town and would be unable to discuss these issues
19 with her client before Mattel had to file its motion on May 13, 2005, Mr. Corey
20 requested in an e-mail message a short, three-day extension of time to respond to
21 the Complaint so that MGA's counsel could have additional time to discuss
22 Mattel's motion and perhaps avoid needless motion practice. A true and correct
23 copy of Mr. Corey's May 12, 2005 e-mail message to Ms. Ambrosini is attached as
24 Exhibit D.

25      10.   On the following morning of May 13, 2005, Ms. Torres responded to
26 Mr. Corey's e-mail. It stated:

27           I am not in a position to agree to any extension given the time,
28           although I assume that your papers are at least largely finished

anyway.  I will be out of the office tomorrow but will have the cases

you cite, as well as any other authority you provide, pulled and will

try to read them as soon as possible.  If we find the authorities

persuasive, we will do what we can to avoid burdening the court.  You

should, however, file your papers tomorrow [sic] assuming you do not

hear from us, which, given the timing, is unlikely to happen before the

court closes.

A true and correct copy of that e-mail message is attached as Exhibit E.

11.    That same morning, my partner John Quinn sent a response e-mail

message to Diana Torres that read, in relevant part, as follows:

I just want to make sure that I understand the recent exchange of e-

mails.  We have cited to you some authorities which we have

represented to you establish that certain of your claims have no merit.

We have asked you to withdraw them.  You haven't had time yet to

look at the authorities.  We have asked for a 3 business day extension

of our time to file, so that you will have an opportunity to consider

these legal issues.  You have declined any extension at all and are

requiring that we file our responsive pleading today, notwithstanding

the open issues regarding the viability of certain of your claims.  Is

this correct?

A true and correct copy of the e-mail message that John Quinn sent to Diana

Torres is attached as Exhibit F.  MGA's counsel did not respond to Mr. Quinn's e-

mail message before the end of the day (when the motion was due) and Mattel

DECLARATION OF MICHAEL T ZELLER RE DEFENDANT MATTEL, INC.'S COMPLIANCE WITH LOCAL RULE 7-3

1 | accordingly filed its motion to dismiss and strike portions of MGA's Complaint on
2 | May 13, 2005.

3 |      I declare under penalty of perjury of the laws of the United States of
4 | America that the foregoing is true and correct.

5 |      Executed this 17th day of June, 2005 at Los Angeles, California.

6

7

8 |                                  /s/
                               Michael T. Zeller

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCANNED

Diana,

I understood from our conversation that we had an agreement based on our agreement with your requests in the respective cases, but assuming that you will confirm that agreement on Monday, I have attached a form of stipulation for your review and signature. If you have any comments that you believe should be made before Monday morning, please let me know now, so that there will be no delay in filing the stipulation then.

Best regards,


Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Phone: (213) 624-7707
Fax: (213) 624-0643
e-mail address: joncorey@quinnemanuel.com

**************************************************************************
Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer Thank you. Quinn Emanuel Urquhart Oliver & Hedges, LLP
**************************************************************************

>>> "Torres, Diana" <DTorres@OMM.com> 04/29/05 03:16PM >>>
Jon,
I expressly told you that I didn't have final authority on this but that
I thought I could get it and would try to do so as quickly as possible
if you were willing to agree to the other issues. My client is ill
today (which I didn't tell you) but, with this, I will try to get final
sign off. Assuming that is the case, we can get the stipulations ready
for filing on Monday morning. I'll start that process with respect to
the Mattel v. Bryant issues as you suggest.
Thanks,
Diana

-----Original Message-----
From: Jon Corey [mailto:joncorey@quinnemanuel.com]
Sent: Friday, April 29, 2005 2:26 PM
To: Torres, Diana
Cc: Michael T Zeller
Subject: MGA v. Mattel

Diana,

This message will confirm MGA's agreement to provide Mattel an
additional 10 days to answer or otherwise respond to the complaint in



EXHIBIT A
PAGE 1

the referenced case  I will provide a stipulation for your signature shortly.  If you have time to review it, I would prefer to file it today.

Separately, this message will also confirm the agreements that we reached in the Mattel v. Bryant case regarding Ms. Martinez's deposition and documenting in a stipulation the May 9, 2005 obligations of each party.  We are also agreeable to continuing the deposition of Mr. Larian until May 26, 2005.  I will send you a letter documenting these agreements more fully.  Please let me know if your office will be preparing a stipulation for filing in the Mattel v. Bryant case, or whether I should do so.

Best regards,

Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Phone: (213) 624-7707
Fax: (213) 624-0643
e-mail address:  joncorey@quinnemanuel.com

***********************************************************************
******
Note:  The information contained in this message may be privileged and confidential and protected from disclosure.  If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.  Thank you.  Quinn Emanuel Urquhart Oliver & Hedges, LLP
***********************************************************************
******

CC:          Michael T Zeller


EXHIBIT A
PAGE 2

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   John B. Quinn (Bar No. 90378)
   Michael T. Zeller (Bar No. 196417)
   Jon D. Corey (Bar No. 185066)
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendant
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MGA ENTERTAINMENT, INC., | Case No. CV 05-02727 CBM (RZx) |
| Plaintiff, | STIPULATION TO EXTEND MATTEL, INC.'S TIME TO RESPOND TO COMPLAINT; AND |
| v. | |
| MATTEL, INC., a Delaware Corporation, and DOES 1-10, | [PROPOSED] ORDER THEREUPON |
| Defendants. | Action Filed   April 13, 2005
Trial Date:    None Set |

WHEREAS, defendant Mattel, Inc. ("Mattel") and plaintiff MGA Entertainment, Inc. ("MGA") have agreed that Mattel shall have an additional ten days to respond to MGA's Complaint;

WHEREAS, good cause exists for granting this extension because certain Mattel counsel responsible for this matter, including Mattel's lead counsel, John Quinn, and Mattel's principal in-house attorney, have both been out of the state on business during the majority of the 20-day period in which Mattel would otherwise have to answer or respond to the Complaint under the Federal Rules of Civil Procedure;

07975/652126.1

EXHIBIT A
PAGE 3

WHEREAS, Mattel also is contemplating bringing motions to challenge certain allegations in the Complaint, and an extension of time would permit counsel additional time to discuss any potential resolution of these issues and, if successful, thereby potentially avoid motion practice before the Court, in whole or in part; and

WHEREAS, Mattel has received no other extensions of time to answer or otherwise respond to the Complaint;

THEREFORE, pursuant to <u>Local Rule</u> 7-1, Mattel and MGA, by and through their respective counsel, hereby stipulate and agree, as follows:

Mattel's time in which to answer or otherwise respond to the Complaint is extended for ten days, to and including May 13, 2005. This stipulation does not waive or prejudice Mattel's right to challenge the Complaint or the allegations in the Complaint in any respect.

This is the first extension of time requested or sought to answer or otherwise respond to the Complaint.

DATED: April 29, 2005          QUINN EMANUEL URQUHART
                               OLIVER & HEDGES, LLP


                               By_____
                                  Jon D. Corey
                                  Attorneys for Defendant
                                  Mattel, Inc.


DATED: April 29, 2005          O'MELVENY & MYERS, LLP


                               By_____
                                  Diana Torres
                                  Attorneys for Plaintiff
                                  MGA Entertainment, Inc.


IT IS SO ORDERED.


DATED: _____       _____
                                  Hon. Consuelo B. Marshall
                                  United States District Court Judge

EXHIBIT A
PAGE 4

SCANNED

RECEIVED

MAY 6 - 2005

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     John B. Quinn (Bar No. 90378)
2    Michael T. Zeller (Bar No. 196417)
     Jon D. Corey (Bar No. 185066)
3  865 South Figueroa Street, 10th Floor
   Los Angeles, California 90017-2543
4  Telephone: (213) 443-3000
   Facsimile:  (213) 443-3100
5
   Attorneys for Defendant
6  Mattel, Inc.

FILED
CLERK, U.S. DISTRICT COURT

MAY - 5 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10
11  MGA ENTERTAINMENT, INC.,        )   Case No. CV 05-02727 NM (RNBx)
                                    )
12             Plaintiff,           )   STIPULATION TO EXTEND
                                    )   MATTEL, INC.'S TIME TO
13        v.                        )   RESPOND TO COMPLAINT; AND
                                    )
14  MATTEL, INC., a Delaware        )   [PROPOSED] ORDER
    Corporation, and DOES 1-10,     )   THEREUPON
15                                  )
               Defendants.          )   Action Filed   April 13, 2005
16                                  )   Trial Date:    None Set
                                    )
17
18
19        WHEREAS, defendant Mattel, Inc. ("Mattel") and plaintiff MGA

20  Entertainment, Inc. ("MGA") have agreed that Mattel shall have an additional ten

21  days to respond to MGA's Complaint;

22        WHEREAS, good cause exists for granting this extension because

23  certain Mattel counsel responsible for this matter, including Mattel's lead counsel,

24  John Quinn, and Mattel's principal in-house attorney, have both been out of the

25  state on business during the majority of the 20-day period in which Mattel would

26  otherwise have to answer or respond to the Complaint under the Federal Rules of

27  Civil Procedure;

28

07975/0652126.01

EXHIBIT B
PAGE 1

1  WHEREAS, Mattel also is contemplating bringing motions to

2  challenge certain allegations in the Complaint, and an extension of time would

3  permit counsel additional time to discuss any potential resolution of these issues

4  and, if successful, thereby potentially avoid motion practice before the Court, in

5  whole or in part; and

6  WHEREAS, Mattel has received no other extensions of time to

7  answer or otherwise respond to the Complaint;

8  THEREFORE, pursuant to Local Rule 7-1, Mattel and MGA, by and

9  through their respective counsel, hereby stipulate and agree, as follows:

10  Mattel's time in which to answer or otherwise respond to the

11  Complaint is extended for ten days, to and including May 13, 2005. This

12  stipulation does not waive or prejudice Mattel's right to challenge the Complaint

13  or the allegations in the Complaint in any respect.

14  This is the first extension of time requested or sought to answer or

15  otherwise respond to the Complaint.

16  DATED: May 2, 2005          QUINN EMANUEL URQUHART
17                               OLIVER & HEDGES, LLP

18                               By _____
19                                 Jon D. Corey
                                   Attorneys for Defendant
20                                 Mattel, Inc.

21  DATED: May 2, 2005          O'MELVENY & MYERS, LLP
22

23                               By _____
                                   Diana Torres
24                                 Attorneys for Plaintiff
                                   MGA Entertainment, Inc.
25

26  IT IS SO ORDERED.

27  DATED: 5/3/05                NORA M. MANELLA
                                 _____
28                               Hon. Nora Manella
                                 United States District Court Judge

07975/0652126.01          -2-          EXHIBIT B - PA 3

1  WHEREAS, Mattel also is contemplating bringing motions to
2  challenge certain allegations in the Complaint, and an extension of time would
3  permit counsel additional time to discuss any potential resolution of these issues
4  and, if successful, thereby potentially avoid motion practice before the Court, in
5  whole or in part; and

6  WHEREAS, Mattel has received no other extensions of time to
7  answer or otherwise respond to the Complaint;

8  THEREFORE, pursuant to Local Rule 7-1, Mattel and MGA, by and
9  through their respective counsel, hereby stipulate and agree, as follows:

10  Mattel's time in which to answer or otherwise respond to the
11  Complaint is extended for ten days, to and including May 13, 2005.  This
12  stipulation does not waive or prejudice Mattel's right to challenge the Complaint
13  or the allegations in the Complaint in any respect.

14  This is the first extension of time requested or sought to answer or
15  otherwise respond to the Complaint.

16  DATED: May 2, 2005          QUINN EMANUEL URQUHART
17                              OLIVER & HEDGES, LLP

18
19  By_____
                                 Jon D. Corey
                                 Attorneys for Defendant
20                               Mattel, Inc.

21  DATED: May 2, 2005          O'MELVENY & MYERS, LLP
22
23  By _Diana Torres_____ by _____
                                 Diana Torres
24                               Attorneys for Plaintiff
                                 MGA Entertainment, Inc.
25

26  IT IS SO ORDERED.

27
28  DATED: _____          _____
                                 Hon. Nora Manella
                                 United States District Court Judge

07975/652126.1                    -2-

EXHIBIT B
PAGE 3

# PROOF OF SERVICE

1013A(3) CCP Revised 5/1/88

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On May 3, 2005 I caused to be served the following document(s) on interested parties in this action described as **STIPULATION TO EXTEND MATTEL, INC.'S TIME TO RESPOND TO COMPLAINT; AND [PROPOSED] ORDER THEREUPON** addressed as follows:

Diana Torres, Esq.
O'Melveny & Meyers, LLP
400 S. Hope Street
Los Angeles, CA 90071
Phone: 213-430-6000
Fax: 213-430-6407

_____ **(BY MAIL)** I deposited such envelope in the mail at _____, California. The envelope was mailed with postage thereon fully prepaid.

_____ **(BY MAIL)** I caused such envelope to be placed in the firm's mail. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

__X__ **(BY FACSIMILE)** I caused such document to be transmitted by facsimile to the offices of the addressee. Upon completion of the said facsimile transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error.

_____ **(BY FEDERAL EXPRESS)** by placing the document(s) listed above in such envelope for deposit with FEDERAL EXPRESS to be delivered via priority overnight service to the persons at the addresses set forth above.

_____ **(BY PERSONAL SERVICE)** I caused to be delivered by hand such envelope to the offices of the addressee.

Executed on May 3, 2005, at Los Angeles, California.

_____ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

__X__ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Samantha Soffer
Type or Print Name

Signature

**EXHIBIT B**
**PAGE 4**

SCANNED.

Exhibit C

| From: | Michael T Zeller |
|---|---|
| To: | Torres, Diana |
| Date: | 5/9/05 12:00AM |
| Subject: | MGA v. Mattel |

Dear Diana,

As I have previously mentioned, Mattel is contemplating moving against aspects of the Complaint that MGA recently filed. This relates, in particular, to the non-trade dress and non-trademark infringement related matters contained in the Complaint. I therefore am writing you pursuant to Local Rule 7-3 to confer with you on that matter and to set up a time when the parties might further discuss these issues, with a view of hopefully resolving them so as to avoid burdening the Court with a motion.

Generally in paragraphs 74 to 99 and paragraphs 113 to 114, MGA alleges various acts that it claims -- "[a]lone" and "in combination" -- violate federal and state unfair competition law. It is clear that they do not. MGA includes these non-trade dress and non-trademark allegations in its "unfair competition" claim under 15 U.S.C. § 1125(a). (Cmplt., Second Claim for Relief, esp. ¶¶ 113-14.) Section 1125 prohibits conduct that is likely to "cause confusion, or to cause mistake, or to deceive" as to the "origin, sponsorship or approval" of goods, services or commercial activities. Because the Complaint does not (and could not) allege that Mattel's supposed "intimidation" of retailers, distributors and industry organizations, its lawsuit or its pre-litigation letters to its former employees are likely to cause confusion, those matters cannot state a claim under Section 1125.

Second, MGA's allegations as to such purported conduct fail to state any violation of state unfair competition law. Paragraphs 75, 113 and 114 of the Complaint rely upon Mattel's litigation against a third-party and its pre-litigation communications with its former employees. Mattel's conduct and communications in connection with that suit are absolutely privileged under section 47(a), (b) of the California Civil Code. Abraham v. Lancaster Community Hospital, 217 Cal. App. 3d 796, 822-23, 266 Cal. Rptr. 360, 376 (1990). Likewise, the letters sent in anticipation of litigation, which are referenced in Paragraphs 75 and 113 of the Complaint, are privileged under section 47(b) of the California Civil Code. Dove Audio, Inc. v. Rosenfeld, Meyer & Susman, 47 Cal. App. 4th 777, 781, 54 Cal. Rptr. 2d 830, 833 (1996). We therefore believe that these allegations are subject to a motion under Rule 12(b)(6) and 12(f) and pursuant to the California anti-SLAPP statute, Cal. Civ. Proc. Code § 425 16.

In fact, MGA was not even a party to the Brawer lawsuit. Although federal law requires that facts establishing standing be affirmatively pled, MGA fails to allege that it has standing to engage in satellite litigation over that Mattel suit.

In that same vein, MGA alleges Mattel conduct as to another third party, LeapFrog. MGA does not and cannot establish standing to sue over Mattel's actions as to a third-party competitor in which MGA claims no interest.

Additionally, the unfair competition laws are not designed to allow a competitor to sue on any conduct it unilaterally labels "unfair." Rather, in the context presented by this suit, MGA must both identify some legislatively declared policy that Mattel's acts purportedly violated and allege facts demonstrating a harm to "competition." E.g., Cel-Tech Comm. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 83 Cal. Rptr. 2d 548 (1999). The Complaint here does neither as to the non-trade dress and non-trademark infringement allegations. As a consequence, we believe that these allegations should be dismissed under Rule 12(b)(6) and for lack of standing.

Finally, several paragraphs of the Complaint, including at paragraphs 10 through 20 of the Complaint, make allegations about Mattel's business in the late-1990s that are immaterial to the claims and issues in the case. Under Ninth Circuit law, such superfluous historical allegations are subject to being stricken under Rule 12(f), especially where, as here, they would be burdensome to answer and to litigate. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). The allegations have no bearing on whether the parties' products are confusingly similar and to who copied



EXHIBIT C
PAGE 1

whom. More troubling, if the allegations are allowed to remain, the parties and the Court will face endless discovery, and the jury will be saddled with massive presentations of evidence, regarding the details of complex corporate acquisitions, among other things. Accordingly, Mattel currently plans to move to strike these allegations. See Fed. R. Civ. P. 12(f).

We would like to further discuss our motions with you in greater detail to see if motion practice may be avoided. I look forward to hearing from you.


Michael T. Zeller
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St , 10th Floor
Los Angeles, California 90017
Tel.: 213-443-3180
Tel : 213-624-7707
Fax: 213-624-0643

*********************************************************************************

Please be advised that this transmittal may
be a confidential attorney-client communication
or may otherwise be privileged or confidential.
If you are not the intended recipient, please do
not read, copy or re-transmit this communication.
If you have received this communication in error,
please notify us by e-mail or by telephone and
delete this message and any attachments.
Thank you in advance for your cooperation and
assistance.
*********************************************************************************


CC:          Jon Corey;  Timothy Alger

EXHIBIT C
PAGE 2

*Exhibit D*

**From:** Jon Corey
**To:** Pambrosini@omm.com
**Date:** 5/12/05 5:38PM
**Subject:** MGA v. Mattel

Paula,

Following up on our conversation this afternoon, the authority that I committed to provide you that supports the proposition that the allegations in paragraph 74-100 and 113-14 do not fall within the narrow common law tort of unfair competition is Bank of the West v. Superior Court, 2 Cal. 4th 1254, 1263-64 (1992) and Frey v. Trans Union Corp., 127 Cal. App. 4th 986, 997 (2005). I will provide you with the authority for the proposition that the evidence relevant to prove willful infringement is narrow tomorrow.

Please let me know when you can get back to me to see if we can resolve the issues that we discussed without having to burden the Court with needless motion practice. Based on our discussion, it appeared that we could possibly reach agreement on some issues. It makes sense, therefore, that the parties agree that Mattel can have until next Wednesday to answer or otherwise respond to the Complaint while we see if we can minimize any motion practice. I look forward to hearing from you promptly in this regard.

If you have any questions regarding the foregoing, please do not hesitate to call.

Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Phone: (213) 443-3000
Fax· (213) 443-3100
e-mail address. joncorey@quinnemanuel.com

*******************************************************************************
Note: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer. Thank you. Quinn Emanuel Urquhart Oliver & Hedges, LLP
*******************************************************************************


**CC:** Michael T Zeller



EXHIBIT D
PAGE 1

SCANNED

**From:**     "Torres, Diana" <DTorres@OMM.com>
**To:**     "Jon Corey" <joncorey@quinnemanuel.com>
**Date:**     5/13/05 12:10AM
**Subject:**     MGA v. Mattel

Jon,
Paula had to leave town this afternoon but forwarded your message to me.
I am just getting to it now because I was out of the office on a
personal matter all day yesterday and had another matter to deal with
all day (and all night) today so my email inbox is fairly full. I am
not in a position to agree to any extension given the time, although I
assume that your papers are at least largely finished anyway. I will be
out of the office tomorrow but will have the cases you cite, as well as
any other authority you provide, pulled and will try to read them as
soon as possible. If we find the authorities persuasive, we will do
what we can to avoid burdening the court. You should, however, file
your papers tomorrow assuming you do not hear from us, which, given the
timing, is unlikely to happen before the court closes.
- Diana

   -----Original Message-----
From:   Jon Corey [mailto:joncorey@quinnemanuel com]
Sent:   Thu May 12 17:39:45 2005
To:     Ambrosini, Paula
Cc:     Michael T Zeller
Subject:     MGA v. Mattel

Paula,

Following up on our conversation this afternoon, the authority that I
committed to provide you that supports the proposition that the
allegations in paragraph 74-100 and 113-14 do not fall within the narrow
common law tort of unfair competition is Bank of the West v. Superior
Court, 2 Cal. 4th 1254, 1263-64 (1992) and Frey v. Trans Union Corp ,
127 Cal. App. 4th 986, 997 (2005). I will provide you with the
authority for the proposition that the evidence relevant to prove
willful infringement is narrow tomorrow.

Please let me know when you can get back to me to see if we can resolve
the issues that we discussed without having to burden the Court with
needless motion practice. Based on our discussion, it appeared that we
could possibly reach agreement on some issues. It makes sense,
therefore, that the parties agree that Mattel can have until next
Wednesday to answer or otherwise respond to the Complaint while we see
if we can minimize any motion practice. I look forward to hearing from
you promptly in this regard

If you have any questions regarding the foregoing, please do not
hesitate to call.

Jon D. Corey, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Phone: (213) 443-3000
Fax: (213) 443-3100


EXHIBITE
PAGE 1

e-mail address: joncorey@quinnemanuel.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*
Note:  The information contained in this message may be privileged and
confidential and protected from disclosure.  If the reader of this
message is not the intended recipient, or an employee or agent
responsible for delivering this message to the intended recipient, you
are hereby notified that any dissemination, distribution or copying of
this communication is strictly prohibited.  If you have received this
communication in error, please notify us immediately by replying to the
message and deleting it from your computer.  Thank you.  Quinn Emanuel
Urquhart Oliver & Hedges, LLP
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*\*\*

CC:                "Ambrosini, Paula" <PAmbrosini@OMM.com>

EXHIBIT E
PAGE 2

SCANNED

**From:** John Quinn
**To:** Dtorres@omm.com
**Date:** 5/13/05 7:35AM
**Subject:** diana--

i just want to make sure i understand the recent exchange of emails.

we have cited to you some authorities which we have represented to you establish that certain of your claims have no merit.  we have asked you to withdraw them.

you haven't had time yet to look at the authorities.

we have asked for a 3 business day extension of our time to file, so that you will have an opportunity to consider these legal issues

you have declined any extension at all and are requiring that we file our responsive pleading today, nothwithstanding the open issues regarding the viability of certain of your claims.

is this correct?  if so, it seems very unfortunate    i would ask you to reconsider, in part to protect your own interests and those of your client.

**CC:**          Jon Corey;  Michael T Zeller



EXHIBIT F
PAGE 1

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a

party to the within action. My business address is 865 S. Figueroa Street, 10th Floor, Los

Angeles, CA 90017.

On June 17, 2005, I served the foregoing document:

**DECLARATION OF MICHAEL T. ZELLER RE DEFENDANT MATTEL, INC.'S**

**COMPLIANCE WITH LOCAL RULE 7-3**

on the interested parties in this action:

Diana M. Torres
Paula E. Ambrosini
O'Melveny & Myers LLP
400 South Hope Street
Los Angeles, California 90071-2899
O  213.430.6000; F  213.430.6407

[ ]  [PERSONAL] by personally delivering the document listed above to the persons at the

address set forth above.

[X]  **BY TELECOPIER** By transmitting the above listed document(s) to the fax number(s)

set forth on this date.

I declare that I am employed in the office of a member of the bar of this court at

whose direction the service was made.

Executed on June 17, 2005, at Los Angeles, California.

Olivia Banke
_____
Olivia Banke

07975/661905.1

PROOF OF SERVICE