# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| MGA ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> MATTEL, INC., <br><br> Defendants. | Case No. CV 05-02727 SGL(RNBx) <br><br> SCHEDULING ORDER [FRCP 16(b)] <br><br> 1. Establishing a Discovery Cut-off Date of March 3, 2008 <br><br> 2. Non-Discovery Motion Hearing Cutoff date of April 7, 2008, at 10:00 a.m. <br><br> 3. Setting Final Pretrial Conference for June 2, 2008, at 11:00 a.m. <br><br> 4. Setting Jury Trial Date of July 1, 2008, at 9:30 a.m. |

**READ THIS ORDER CAREFULLY. IT CONTROLS THE CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

The above matter is set for trial before the Honorable Stephen G. Larson, United States District Judge, Courtroom 1, United States District Court, Eastern Division, 2nd Floor, Riverside, California.

1. **Discovery Cut-Off:** This is the last date to complete discovery, including

expert discovery, and the resolution of any discovery motions before this court. If expert witnesses are to be called at trial, the parties shall designate experts to be called at trial and provide reports required by Fed. R. Civ. P. 26(a)(B), not later than eight weeks prior to the discovery cutoff date. Rebuttal expert witnesses shall be designated and reports provided as required by Fed.R.Civ.P. 26(a)(2)(B), not later than five weeks prior to the discovery cutoff date. Failure to timely comply with this deadline may result in the expert being excluded at trial as a witness. The Court requires compliance with Local Rule 37-1 and 37-2 in the preparation and filing of discovery motions. Discovery motions may not be heard on an <u>ex parte</u> basis.

2. **Joinder of Parties and Amendment of Pleadings:** Any motions to join other parties or for leave to amend the pleadings shall be filed within sixty (60) days of the date of this Order so that they can be heard and decided prior to the deadline. This deadline does not apply if the deadline for joining parties or amending pleadings has already been calendared or occurred by virtue of an order issued by another Judge.

In addition to the requirements of Local Rules 15-1, 15-2, and 15-3, all motions to amend the pleadings shall (a) state the effect of the amendment; (b) be serially numbered to differentiate the amendment from previous amendments and (c) state the page, line number(s), and wording of any proposed change or addition of material.

3. **Motion Filing Cut-Off:** The Court hears motions on Mondays at 10:00 a.m. The motion filing cut-off date is the last day motions may be heard (not filed). The Court will not decide late motions. Issues left undetermined by the passage of the motion cut-off date should be listed as issues for trial in the Final Pretrial Conference Order. As an exception to the above, motions in limine dealing with evidentiary matters may be heard at or before trial; however, summary judgment motions disguised as motions in limine will not be heard. Parties need not wait until the discovery cut-off to bring motions for summary judgment or partial summary judgment. However, in the usual case, the court expects that more than the minimum notice will be provided to counsel opposing motions for summary judgment. In the

usual case, the parties should confer and agree on the date for setting such motions.

Ex parte applications are entertained solely for extraordinary relief. See Mission Power Eng. Co. v. Continental Casualty Co., 883 F.Supp. 488 (C.D. Cal. 1995). Strict adherence to proper ex parte procedures is required for any ex parte application filed with the Court.

4. **Stipulations to Extend Time:** Stipulations to extend the time to file any required document or to continue any pretrial or trial date must set forth (a) the existing due date or hearing date; (b) the current pretrial conference date and trial date; (c) the specific reasons supporting good cause for granting the extension or continuance; and (d) whether there have been any prior requests for extensions or continuances, and whether these were granted or denied by the Court.

5. **Summary Judgment Motions:** The Separate Statement of Undisputed Facts is to be prepared in a two-column format. The left-hand column should set forth the allegedly undisputed fact. The right-hand column should set forth the evidence that supports the factual statement. The fact statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject in as concise a manner as possible.

The opposing party's statement of genuine issues must be in two columns and track the movant's separate statement exactly as prepared. The document must be in two columns; the left-hand column must restate the allegedly undisputed fact, and the right-hand column must indicate either undisputed, or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, must clearly indicate what part is being disputed. Where the opposing party is disputing the fact in whole or part, the opposing party must, in the right-hand column, label and restate the moving party's evidence in support of the fact, followed by the opposing party's evidence controverting the fact. Where the opposing party is disputing the fact on the basis of an evidentiary objection, the party must cite to the evidence alleged to be objectionable and state the ground of the

objection and nothing more. **No argument should be set forth in this document.**

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above for the moving party's separate statement. These additional facts shall follow the movant's facts, shall continue in sequentially numbered paragraphs (i.e., if movant's last statement of fact was set forth in paragraph 30, then the first new fact will be set forth in paragraph 31), and shall set forth in the right hand column the evidence that supports that statement.

The moving party, in its reply, shall respond to the additional facts in the same manner and format that the opposition party is required to adhere to in responding to the statement of undisputed facts, as described above.

**(a) Supporting Evidence:** No party should submit any evidence other than the specific items of evidence or testimony necessary to support or controvert a proposed statement of undisputed fact. Thus, for example, the entire transcript of a deposition, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the separate statements, should not be submitted in support or opposition to a motion for summary judgment. Any such material will not be considered.

Evidence submitted in support of or in opposition to a motion should be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate the proffered evidence, and should not be attached to the Memorandum of Points and Authorities. The Court will accept counsel's authentication of deposition transcript, of written discovery responses, and of the receipt of documents in discovery if the fact that the document was in the opponent's possession is of independent significance. Documentary evidence as to which there is no stipulation regarding foundation must be accompanied by the testimony, either by declaration or properly authenticated deposition transcript, of a witness who can establish its authenticity.

If evidence in support of or in opposition to a motion exceeds twenty pages, the

evidence must be in a separate bound volume and include a Table of Contents.

(b) <u>**Objections to Evidence:**</u> If a party disputes a fact based in whole or in part on an evidentiary objection, the ground of the objection, as indicated above, should be stated in the separate statement but not argued in that document. Evidentiary objections are to be addressed in a separate memorandum to be filed with the opposition or reply brief of the party. This memorandum should be organized **<u>to track the paragraph numbers of the separate statement in sequence</u>**. It should identify the specific item of evidence to which objection is made, the ground of the objection, and a very brief argument with citation to authority as to why the objection is well taken. The following is an example of the format contemplated by the Court:

> Separate Statement Paragraph 1: Objection to the supporting deposition transcript of Jane Smith at 60:1-10 on the grounds that the statement constitutes inadmissible hearsay and no exception is applicable. To the extent it is offered to prove her state of mind, it is irrelevant since her state of mind is not in issue.
>
> Fed. R. Evid. 801, 802.

Do not submit blanket or boilerplate objections to the opponent's statements of undisputed fact: these will be disregarded and overruled.

(c) <u>**The Memorandum of Points and Authorities:**</u> The movant's memorandum of points and authorities should be in the usual form required under Local Rule 7-5 and should contain a narrative statement of facts as to those aspects of the case that are before the Court. All facts should be supported with citations to the paragraph number in the Separate Statement that supports the factual assertion and not to the underlying evidence.

Unless the case involves some unusual twist on Rule 56, the motion need only contain a brief statement of the Rule 56 standard; the Court is familiar with the Rule and with its interpretation under <u>Celotex</u> and its progeny. If at all possible, the argument should be organized to focus on the pertinent elements of the cause(s) of action or defense(s) in

issue, with the purpose of showing the existence or non-existence of a genuine issue of material fact for trial on that element of the claim or defense.

Likewise, the opposition memorandum of points and authorities should be in the usual form required by Local Rule 7-5, and where the opposition memorandum sets forth facts, the memorandum should cite to paragraphs in the separate statement if they are not in dispute, to the evidence that contravenes the fact where the fact is in dispute or, if the fact is contravened by an additional fact in the statement of genuine issues, the citation should be to such fact by paragraph number.

**(d) Timing:** In virtually every case, the Court expects that the moving party will provide more than the minimum twenty-one (21) day notice for such motions. The moving party should deliver to chambers a copy of a diskette, in WordPerfect format (11.0 or earlier versions), containing the Statement of Uncontroverted Facts and Conclusions of Law.

6. **Motions in Limine:** The parties must file motions in limine addressing the admissibility of evidence in accordance with Local Rule 7-3. The parties shall file their opposing and reply papers in accordance with Local Rules 7-9 and 7-10 respectively.

7. **Pretrial Conference and Trial Setting:** Compliance with the requirements of Local Rule 16 is mandatory. Counsel shall submit carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial briefs) and Proposed Pre-Trial Conference Order ("PTCO") in accordance with the provisions of Local Rules 16-1 through 16-7. The Proposed Pre-Trial Conference Order shall conform to the example set forth in Appendix A to the Local Rules, modified as necessary to comply with this order.

The Memoranda of Contentions of Fact and Law, Exhibit Lists, and Witness Lists shall be served and filed no later than fourteen (14) calendar days before the Pre-Trial Conference. The Proposed Pre-Trial Conference Order shall be lodged fourteen (14) calendar days before the Pre-Trial Conference.

The Proposed Pre-Trial Conference Order must contain a Table of Contents. Place

in all capital letters and in bold the separately numbered headings for each category in the PTCO. Under paragraph 1, list each claim, counterclaim, or defense that has been dismissed or abandoned. In multiple-party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the other side, please specify to which party each claim or counterclaim is directed. The factual issues in dispute should track the elements of a claim or defense upon which the jury would be required to make findings. Counsel should state issues in ultimate fact form, not as evidentiary fact issues (i.e., "was the defendant negligent," "was defendant's negligence the proximate cause of plaintiff's injury;" not "was the plaintiff standing on the corner of 12th Street and Lemon Avenue at 10:00 a.m. on March 1"). Issues of law should state legal issues upon which the Court will be required to rule after the Pre-Trial Conference, including during the trial, and should not list ultimate fact issues to be submitted to the trier of fact.

   In drafting the PTCO, the court expects that counsel will attempt to agree on and set forth as many non-contested facts as possible. The court will normally read the uncontested facts to the jury at the start of the trial. Carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase jury understanding of the case.

   If expert witnesses are to be called at trial, each party must list and identify its respective expert witnesses, both retained and non-retained. <u>Failure of a party to list and identify an expert witness in the Proposed Pre-Trial Conference Order shall preclude a party from calling that expert witness at trial.</u>

   This case has been placed on calendar for a Final Pretrial Conference ("PTC") pursuant to Fed. R. Civ. P. 16 and Local Rule 16-1, <u>et seq.</u>, unless the PTC was expressly waived at the Scheduling Conference by the court. Unless excused for good cause, each party appearing in this action shall be represented at the PTC and all pretrial meetings of counsel, by lead trial counsel. The failure to attend the PTC or to submit the required pretrial

documents may result in the dismissal of the action, striking the answer and entering a default, and/or the imposition of sanctions.

A continuance of the Final Pretrial Conference at counsel's request or stipulation will <u>only</u> be approved upon a showing of good cause. Counsel should plan to do the necessary pretrial work on a schedule which will insure its completion with time to spare before the Final Pretrial Conference. Specifically, failure to complete discovery work, including expert discovery, is not a ground for a continuance.

Compliance with the requirements of Local Rules 16-1 to 16-13 is required by the court. Carefully prepared Memoranda of Contentions of Fact (which may also serve as the trial brief) and a proposed Final Pretrial Conference Order shall be submitted in accordance with the provisions of Local Rule 16-7 and the form of the proposed Final Pretrial Conference Order shall be in conformity with the format set forth in Appendix A to the Local Rules.

At the PTC, counsel should be prepared to discuss means of streamlining the trial, including, but not limited to: bifurcation, presentation of non-critical testimony by deposition excerpts, stipulations as to the content of testimony, presentation of testimony on direct examination by declaration subject to cross-examination, and qualification of experts by admitted resumes. In certain cases where the PTC is waived by the court, counsel must follow Local Rule 16-11.

8. **<u>Witness List and Times Estimates:</u>** Counsel shall prepare a list of their witnesses, an estimate of the length of time needed for direct examination for each witness, and whether the witness will testify by deposition or in person. Counsel shall exchange these lists with opposing counsel.[1] **Counsel shall jointly file a single witness list, including estimates for direct examination of their own witnesses and estimates for cross-examination of opposing witnesses.** This list shall be filed at the time counsel lodge the Proposed Pre-Trial

---

[1] <u>See</u> "Joint Trial Witness Estimate Form" appended to this order.

Conference Order, i.e., fourteen (14) days before the Pre-Trial Conference.

9. **Jury Instructions and Verdict Forms:** Fourteen (14) calendar days prior to counsel's Rule 16 pre-trial meeting, counsel shall exchange proposed jury instructions (general and special) and special verdict forms (if applicable). Seven (7) calendar days prior to the Rule 16-2 meeting, counsel shall exchange any objections to the instructions and special verdict forms. Prior to, or at the time of the Rule 16 meeting, counsel shall meet and confer with the goal of reaching agreement on one set of joint jury instructions and one special verdict form.

The parties should make every attempt to agree upon the jury instructions before submitting them to the Court. The Court expects counsel to agree on the substantial majority of jury instructions, particularly when pattern instructions provide a statement of applicable law. When the Manual of Model Civil Jury Instructions for the Ninth Circuit provides a version of an applicable requested instruction, the parties should submit the most recent version of the Model instruction. Where language appears in brackets in the model instruction, counsel shall select the appropriate text and eliminate the inapplicable bracketed text. Where California law applies, counsel should use <u>Judicial Council of California Civil Jury Instructions</u> (June 2006) ("CACI"). If neither of the above sources is applicable, counsel are directed to use the instructions from O'Malley, Grenig & Lee (formerly Devitt, <u>et al.</u>), <u>Federal Jury Practice and Instructions</u> (latest edition). Each requested jury instruction shall cover only one subject or principle of law and shall be numbered and set forth in full on a separate page, citing the authority or source of the requested instruction (except for the "clean" jury copy discussed below).

When the parties disagree on an instruction, the party opposing the instruction must attach a short statement (one to two paragraphs) supporting the objection, and the party submitting the instruction must attach a short statement supporting the instruction. Each statement should be on a separate page and should follow directly after the disputed

instruction.

The parties ultimately must submit one document or, if the parties disagree over any proposed jury instructions, two documents. If the parties submit two documents, those documents shall consist of: (a) a set of Joint Proposed Jury Instructions and (b) a set of Disputed Jury Instructions, along with reasons supporting and opposing each disputed instruction in the format set forth in the previous paragraph.

The parties must file proposed jury instructions fourteen (14) calendar days before the Pre-Trial Conference. If the court is closed that day, counsel shall file the proposed instructions the preceding Friday. No later than 4:00 p.m. on the date such instructions are due, the parties must submit conformed courtesy copies to the Court's courtesy box located outside the entrance to Courtroom 1, United States District Court, 3470 Twelfth Street, 2nd Floor, Riverside, California. Counsel shall also provide the Court with a 3½ inch diskette compatible with WordPerfect version 11.0 or lower containing the proposed jury instructions, in accordance with this paragraph and the previous paragraph.

The Court will send a copy of the instructions into the jury room for the jury's use during deliberations. Accordingly, in addition to the file copies described above, the diskette submitted with the jury instructions shall contain a "clean set" of Joint Proposed and/or Disputed Jury Instructions, containing only the text of each instruction set forth in full on each page, with the caption "Court's Instruction No. __" (eliminating titles, supporting authority, indication of party proposing, etc.).

An index page shall accompany all jury instructions submitted to the Court. The index page shall indicate the following:

 (a) The number of the instruction;

 (b) A brief title of the instruction;

 (c) The source of the instruction and any relevant case citations; and

 (d) The page number of the instruction.

EXAMPLE:

| Number | Title | Source | Page |
|---|---|---|---|
| 1 | Trademark-Defined (15 U.S.C. § 1127) | 9th Cir. 15.3.2 | 7 |

Along with the jury instructions, counsel shall submit any necessary special verdict form fourteen (14) calendar days before the Pre-Trial Conference.

**10. Voir Dire Questions:** Counsel may, but need not, submit brief proposed voir dire questions for the jury at the Pre-Trial Conference. The Court will conduct its own voir dire after consulting any proposed voir dire submitted by counsel. After the Court conducts its own voir dire, counsel will be provided an opportunity to ask supplemental questions subject to Court approval.

**11. Joint Statement of the Case:** Counsel shall submit a joint statement of the case at the Pretrial Conference. The joint statement of the case will be read to the prospective panel of jurors prior to the commencement of voir dire. The statement should not exceed one page. The statement shall be filed with the Court no later than 4:00 p.m., on the Wednesday prior to the Pre-Trial Conference.

**12. Exhibits:** The parties shall file their witness lists and exhibits lists in accordance with Local Rule 16. Counsel are to assemble their exhibits by placing them in three-ring binders labeled on the spine portion of the binder showing both the volume number and the exhibit numbers. Each exhibit shall be separated by a tabbed divider on the right side. Counsel shall provide original exhibits for the courtroom deputy clerk and a duplicate set for the judge. The original exhibits shall be tagged with the appropriate exhibit tags in the upper or lower right corner of the first page of each exhibit and include the case number, case name, and exhibit number. Each binder shall contain a Table of Contents. Counsel must comply with Local Rule 26-3 when numbering the exhibits. The Clerk's Office, located at the United States District Court, 3470 Twelfth Street, Riverside, California can supply counsel with appropriate exhibit tags.

1   <u>The Court requires the following to be submitted to the courtroom deputy clerk on the
2 first day of trial</u>: (a) The original exhibits with the Court's exhibit tags; (b) one bench book with
3 a copy of each exhibit for the Court's use, tabbed as described above; (c) three (3) copies of
4 exhibit lists and a floppy disk containing the exhibit list; (d) three (3) copies of witness lists in
5 the order in which the witnesses will be called to testify; and (e) file a Notice of Lodging of
6 Deposition Transcripts (original and 2 copies) and Lodge all anticipated trial deposition
7 transcripts <u>directly</u> with the deputy clerk in the courtroom.

  All counsel are to meet no later than ten (10) calendar days before trial to discuss and agree to the extent possible on issues including foundation and admissibility.

**13. <u>Pre-Trial Exhibit Stipulation:</u>** The parties shall prepare a Pre-Trial Exhibit Stipulation which shall contain each party's numbered list of trial exhibits, with objections, if any, to each exhibit including the basis of the objection and the offering party's response. All exhibits to which there is no objection shall be deemed admitted. All parties shall stipulate to the authenticity of exhibits whenever possible, and the Pre-Trial Exhibit Stipulation shall identify any exhibits whose authenticity has not been stipulated to and the specific reasons for the party's failure to stipulate.

  The Stipulation shall be substantially in the following form:

<u>Pre-Trial Exhibit Stipulation</u>

<u>Plaintiff's Exhibits</u>

| <u>Number</u> | <u>Description</u> | <u>Objection</u> | <u>Response to Question</u> |
|---|---|---|---|

<u>Defendant's Exhibits</u>

| <u>Number</u> | <u>Description</u> | <u>Objection</u> | <u>Response to Question</u> |
|---|---|---|---|

  The Pre-Trial Exhibit Stipulation shall be filed at the same time as counsel lodges the Proposed Pre-Trial Conference Order. Failure to comply with this paragraph may constitute a

waiver of all objections.

**14. <u>Findings of Fact and Conclusions of Law:</u>** For a non-jury trial, counsel for each party shall lodge proposed findings of fact and conclusions of law fourteen (14) days before trial. The parties should deliver to chambers a copy of these findings and conclusions of law on disk in WordPerfect format.

    (a)    Underline in red the portions which it disputes;

    (b)    Underline in blue the portions which it admits; and

    (c)    Underline in black the portions which it deems not disputed, but deems irrelevant.

Counsel may agree with a part of a finding or conclusion, disagree with a part of it and/or consider a part of irrelevant.

Two marked copies of opposing counsel's proposed findings of fact and conclusions of law shall be lodged with the court seven (7) days before trial and one marked copy shall be served on opposing counsel. Courtesy copies of the marked copies shall be deposited in the drop box located outside the entrance of Courtroom 1 of the above-entitled court on the date due.

**15. <u>Settlement:</u>** Local Rule 16-15.2 provides that the Settlement Conference shall be conducted not later than 45 days before the Pretrial Conference. The Court believes that in most cases completion of all discovery and dispositive motions will help the parties assess their positions before they embark on the costly pre-trial process. However, in many cases, the parties find it more difficult to settle after they have incurred the cost of all discovery and motion practice. Accordingly, the Court strongly encourages counsel and the parties to pursue settlement earlier.

The Court has a keen interest in helping the parties achieve settlement. If the parties believe that it would be more likely that a settlement would be reached if they conduct settlement conference at an earlier time than that specified by the Court, they should conduct

it at that time. In any event, the parties must file a Status Report re Settlement at the time they lodge the Proposed Pretrial Order.

The Court will not conduct settlement conferences in non-jury cases which the Court will try. In jury cases, the Court will conduct a settlement conference at the parties' request if three conditions exist: (a) The parties are satisfied that the fact issues in the case will be tried to a jury; (b) all significant pre-trial rulings which Court must make have been made; and (c) the parties desire the Court to conduct the conference, understanding that if settlement fails, the Court will preside over the trial of the case.

**If a settlement is reached, it shall be reported immediately to this Court as required by Local Rule 16-15.7.**

16. The failure to attend the pretrial conference or to submit timely in conformity with the format set forth in this order, the jury instructions, pre-trial exhibit stipulation, joint statement of the case, voir dire questions, summary of witness testimony and times estimates, proposed Pretrial Conference Order or the memorandum of contentions of fact and law may result in the dismissal of the action, striking the answer and entering default and/or the imposition of sanctions.

**17. <u>Telephonic Status Conference:</u>**

Telephonic status conferences are sometimes set by the court to discuss settlement status and other pending issues. If a telephonic status conference has been set, all counsel are ordered to discuss the matter with their clients and opposing counsel before the telephonic status conference. Plaintiff's counsel must make the arrangements and place the conference call. Plaintiff's counsel shall include all counsel of record and the Court on the date and time scheduled. The conference operator is to place the final call to the Court at (951) 328-4410. To assist the Court and staff, participants shall identify themselves each time they speak. No cellular telephones or speaker telephones will be allowed.

<u>**Internet Site**</u>

Counsel are encouraged to review the Central District's website for additional information. The address is "http: //www.cacd.uscourts.gov".

The courtroom deputy clerk is ordered to serve a copy of this Order by mail, facsimile or e-mail on counsel for all parties to this action.

IT IS SO ORDERED.

Dated: FEB 2 1 2007

STEPHEN G. LARSON
UNITED STATES DISTRICT JUDGE

Joint Trial Witness Estimate Form

Case: _____  Trial Date: _____

| WITNESS NAME | PARTY CALLING WITNESS AND ESTIMATE | X-EXAMINER'S ESTIMATE | DESCRIPTION OF TESTIMONY | COMMENTS |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |
| 5. | | | | |
| 6. | | | | |
| 7. | | | | |
| 8. | | | | |
| 9. | | | | |
| 10. | | | | |
| 11. | | | | |
| 12. | | | | |
| Total Estimates This Page: | | | | |

Instructions:
(1) List witnesses (last name first); (2) For description, be extremely brief, e.g. "eyewitness to accident." Or "expert on standard of care"(3) Use estimates within fractions of an hour, rounded off to the closest quarter of an hour. e.g. if you estimate 20 minutes, make it .25. An estimate of one and one-half hours would be 1.5. An estimate of three-quarters of an hour would be .75; (4) Note special factors in "Comments" column. e.g., "Needs interpreter." (5) Entries may be in handwriting if very neat and legible.

-16-